IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMAN FRANK GROSS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHAIRMAN TONY AMADIO; *ET AL.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 12-709 <br> Magistrate Judge Cynthia Reed Eddy |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Complaint in the above-captioned case be dismissed with prejudice based upon Plaintiff's failure to prosecute this action.

### II. REPORT

Plaintiff filed a civil rights complaint in this Court on May 30, 2012. On October 1, 2012, Defendants Disciplinary Board, John P. Dohanich, Kim Tesla, and Mark G. Weitzman filed a Motion to Dismiss (ECF No. 29) along with a Brief in support thereof (ECF No. 30) claiming that the complaint should be dismissed for failure to state a claim upon which relief may be granted. On October 2, 2012, the Court issued a four-page order for Plaintiff to file a response to the motion to dismiss no later than November 2, 2012. On October 9, 2012, the Defendant Beaver County Times filed a Motion to Dismiss (ECF No. 39) along with a Brief in support thereof (ECF No. 40) claiming that the complaint should be dismissed for failure to state a claim upon which relief may be granted. On October 10, 2012, the Court ordered Plaintiff to file responses to the motions to dismiss no later than November 13, 2012. On October 15, 2012, the County Defendants filed a Motion to Dismiss (ECF No. 43) along with a Brief in support thereof (ECF No. 44) claiming that the complaint should

be dismissed for failure to state a claim upon which relief may be granted. On October 16, 2012, the Court ordered Plaintiff to file a response to the motions to dismiss no later than November 16, 2012. The Court's Order specifically stated that Plaintiff's failure to comply with the Court's Order would result in dismissal of this action for failure to prosecute. Moreover, Plaintiff did not file any response to the motions to dismiss, nor did he file a motion for an extension of time within which to comply with the Court's Order.

On December 6, 2012, the Court filed an Order to Show Cause. The Court's Order to Show Cause ordered the Plaintiff to show cause why this case should not be dismissed for failure to prosecute. Plaintiff was warned that failure to comply with the Order to Show Cause by December 21, 2012, would result in immediate dismissal of this action. Plaintiff again failed to respond to the Motions to Dismiss. On an envelope with the handwritten notation "mailed on December 19, 2012," and a postmarked date of December 20, 2012, plaintiff filed a "Motion Requesting Extension of Time." (ECF No. 47). On January 2, 2013 the Court granted Plaintiff's motion and ordered him to file responses to the pending Motions to Dismiss on or before January 23, 2013 (ECF No. 48). That order specifically stated that failure to comply would result in immediate dismissal of this action and that the Court would not entertain any further requests for extensions of time to file said responses. It further ordered Plaintiff to file a notice of change of address as it appears that from his last filing that he is address is no longer his address of record. Plaintiff has failed to comply with this Order as well.

This case has been lingering solely through the fault of the Plaintiff and should not be allowed to linger any longer. The Court cannot properly control its docket, move this action forward and properly protect the rights of all parties if the Plaintiff fails to comply with orders issued by this Court. Moreover, such conduct should not be condoned in light of the large

2

prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.

A federal court has the discretion to dismiss a proceeding *sua sponte* based on a party's failure to prosecute the action. Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962); Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court order constitutes a failure to prosecute this action and therefore this action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

A district court has the power to dismiss a claim of a plaintiff pursuant to Fed.R.Civ.P. 41(b) for failure to comply with an order of the court. *See, e.g.*, Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming district court's dismissal with prejudice of *pro se* prisoner's civil rights complaint for failure to comply with district court local rule providing failure of opposing party to file memorandum of points and authorities in opposition to any motion would constitute consent to granting motion); American Inmate Paralegal Assoc. v. Cline, 859 F.2d 59, 61 (8th Cir. 1988) (dismissal with prejudice of inmate's civil rights action for failure to comply with court order not abuse of discretion). In upholding the district court's dismissal of a *pro se* plaintiff's civil rights case under Rule 41(b), the Court of Appeals for the Sixth Circuit noted that "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). The court further commented that "[w]hile *pro se*

litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* at 109. In short, a pro se litigant's failure to comply with a court order is not the same thing as "inartful pleading or a[ ] lack of legal training." *Id.* at 110.

Consistent with this reasoning, the federal courts in this Circuit have held that a *pro se* plaintiff's failure to respond to an opposing party's motion to dismiss or motion for summary judgment motion provides a basis for dismissing an action for failure to prosecute. *See, e.g.,* Shipman v. Delaware, 381 F. App'x 162, 164 (3d Cir. 2010); Jackson v. U.S. Bankruptcy Court, 350 F. App'x 621, 625 (3d Cir. 2009) (concluding that District Court did not abuse its discretion in dismissing this case for failure to prosecute based on, *inter alia*, plaintiff's failure to respond to three pending motions to dismiss); Allen v. American Federation of Government Employees, 317 F. App'x 180, 181 (3d Cir. 2009) (holding that district court did not abuse its discretion in dismissing complaint without explicitly weighing the Poulis factors when plaintiff failed to file an amended complaint as ordered by the court); Gagliardi v. Courter, 144 F. App'x 267 (3d Cir. 2005) (holding that district court did not abuse its discretion by dismissing, for failure to prosecute, a complaint where plaintiff failed to respond to motion to dismiss for more than three months and plaintiff did not appear to have a meritorious cause of action); Muslim v. Frame, 854 F. Supp. 1215, 1221 (E.D. Pa. 1994); Wade v. Wooten, No. 90-2373, 1993 WL 298715, at *6 (E.D. Pa. July 30, 1993); Gay v. Wright, No. 90-0770, 1990 WL 145553, at *3-4 (E.D. Pa. Sept. 27, 1990); Padro v. Heffelfinger, 110 F.R.D. 333-35 (E.D. Pa. 1986).

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to

4

whether to dismiss a claim as a sanction:

(1) extent of the party's personal responsibility;

(2) prejudice to the adversary;

(3) a history of dilatoriness;

(4) whether the conduct of the party or the attorney was willful or in bad faith;

(5) effectiveness of sanctions other than dismissal; and

(6) meritoriousness of the claim or defense.

In weighing the Poulis factors, the established presumption is that doubts should be resolved in favor of reaching a decision on the merits. Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984). Notwithstanding, although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (it is not necessary that all of the factors point toward a default before that sanction will be upheld). Under these directives, this Court will analyze the present action to determine whether it should be dismissed based on Plaintiff's failure to prosecute.

First, in consideration of the plaintiff's responsibility, the court notes that the plaintiff is proceeding *pro se*. Thus, Plaintiff is solely responsible for his failure to respond.

Secondly, Plaintiff has prejudiced Defendants since his failure to respond has made it difficult for this court to determine whether there are any genuine issues of material fact. Plaintiff's complaint forced Defendants to retain attorneys and expend time and energy to resolve this matter. By failing to respond to the Defendants' motions, a decision on this matter has been

5

unduly delayed. Thirdly, Plaintiff has not made any effort to move this case forward and has ignored this Court's Orders to respond to Defendants' motions. This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion. Fourthly, Plaintiff's failure to respond is willful. There is no indication that he failed to receive the order set forth above. The responsibility for his failure to respond to the order in question is Plaintiff's alone. Accordingly, the court can infer that this failure is willful. Fifthly, there are no alternative sanctions which would adequately punish the plaintiff for his failure to answer defendant's motion; imposing a monetary sanction on the prisoner would not be effective as he appears to be impecunious. Finally, for the reasons set forth in Defendants' Motions, it does not appear that Plaintiff's complaint has set forth any grounds upon which relief may be granted.

At least five of the six Poulis factors weigh heavily in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed with prejudice for Plaintiff's failure to prosecute it. To the extent Plaintiff disagrees, he should file objections to this recommendation forthwith.

## III. CONCLUSION

Based on the discussion above, it is respectfully recommended that this action be dismissed for failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and the Local Rules, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Any party opposing the objections shall have 14 days from the date of service of the objections to respond thereto. Failure to timely file objections will constitute a waiver of any appellate rights.

*signature*
Cynthia Reed Eddy
United States Magistrate Judge

2/7/2013

Norman Frank Gross
1404 Tyler Avenue
Annapolis, MD 21403